MERCHANTS AND PLANTERS BANK *et al. v.* CITIZENS BANK OF HAZLEHURST *et al.*

1. An ordinary-elect, whose bond as such was not accepted and approved until the day after his term of office began, and who performed a duty imposed on him as ordinary before the approval of the bond, is a de facto officer, and his acts are valid when they concern the public or third persons who have an interest therein.

2. The act of the General Assembly (Acts 1916, p. 453) authorizing three designated county officials to select some solvent chartered bank in the county, "as shall make the best and most advisable bid," as a county depository, gives such officials discretionary power in the matter of choosing a depository. The facts alleged by the complainants are insufficient to show that there was any abuse of discretion by the county officials in the present case.

3. The court did not err in refusing to sanction the petition and to grant a temporary restraining order and rule nisi.

No. 79. November 17, 1917.

Petition for injunction. Before Judge Highsmith. Jeff Davis superior court. January 3, 1917.

The Merchants & Planters Bank and T. R. Knight brought an action against the Citizens Bank of Hazlehurst and others, and alleged substantially as follows: T. R. Knight is a resident, citizen, and taxpayer of Jeff Davis county, and plaintiffs bring this petition on behalf of themselves and other citizens situated as they

are. On January 1, 1915, Otto Middleton, a resident of the county, having been elected as treasurer, had in his hands a large amount of money as a sinking fund belonging to the county. He is made a party defendant, as are also the Citizens Bank of Hazlehurst and W. E. Reagin as tax-collector. At the 1916 session of the General Assembly a law relative to a county depository was enacted (Acts 1916, p. 453). Section 2 of the act is as follows: "Be it further enacted by the authority aforesaid, that it shall be the duty of the ordinary, clerk of the superior court, and the tax-collector of said county to select, appoint, and designate on the first Monday in January, 1917, and on the first Monday in January every four years thereafter, some solvent chartered bank or banks in said county, to receive all county funds of said county, and to disburse the same as the law now requires county funds to be disbursed by county treasurers; provided such officers herein named shall select such bank or banks only after calling for competitive bids, and such bank or banks only shall be selected as shall make the best and most advisable bid for the office of county depository. When such bank or banks have been selected as such county depository, which shall be for a term of four years, to begin on the first day of January, 1917, and end on the first day of January, 1921, and on said dates every four years thereafter, said bank or banks shall give good and sufficient bond in such sum as may be fixed by said officers, and with such security as said officers may approve, said depository having the option to tender as surety on the bond either some solvent surety or guaranty company, or not less than two good solvent individuals whose property is worth the amount of said bond, above all liabilities and exemption of every kind whatever. Said bank or banks shall not receive any compensation for holding the office of county depository, and shall pay to the County of Jeff Davis such sums for the privilege of acting as county depository as may be determined by said officers on the competitive bids aforesaid." Under this act all three of the officers therein designated should select a county depository to receive and disburse all moneys belonging to the county. At the last general election in the State and in Jeff Davis county J. C. Watkins was elected ordinary, but under the laws he could not begin the duties of his office until he had qualified and given bond, which is to be approved by the judge of the superior court; and until that

is done he can not perform any duties as ordinary, and any attempt to perform such duties would be illegal and void. The judge of the superior court did not approve and accept the bond of Watkins, the ordinary-elect, and did not deliver to him his commission as issued by the authorities of the State of Georgia on January 1, 1917, and did not accept and approve the bond until January 2, 1917. Though Watkins was not ordinary, he and the clerk and the tax-collector, all met and received bids from three banks. The Citizens Bank of Hazlehurst made a bid of six per cent. interest per annum for the sinking fund, and one per cent. per annum interest for the daily deposits, and offered to loan the county moneys it should need, at the rate of six per cent. interest per annum. The Bank of Hazlehurst offered four per cent. interest per annum for the sinking fund, and four per cent. per annum interest for the daily deposits, but offered nothing on money to be borrowed, which is not required by the legislative act. The Merchants & Planters Bank offered to pay six per cent. interest per annum on the sinking fund and three per cent. interest per annum on the daily balances, to loan the county such funds as it needed from time to time, at six per cent. interest per annum, and to give security in terms of the act. Notwithstanding these offers, the two officers and Watkins selected and designated the Citizens Bank of Hazlehurst as the county depository. The law is mandatory upon the three officers to select the bank as depository which makes "the best and most advisable bid" as the county depository; and by proper construction the words of the act, "best and most advisable bid," mean the *highest* bid, the bid that would bring to the county and the taxpayers thereof the greatest revenue from interest. The bid made by the Merchants & Planters Bank was the "best and most advisable bid," and the failure to select that bid is not only in violation of the act, but it damages the taxpayers of the county in the loss of two per cent. interest on several thousand dollars per annum. The participation by Watkins in the selection of a depository was illegal, as he was not the qualified ordinary of the county, but Henry Cook was the qualified ordinary, was present, and was not disqualified for any reason from acting. The plaintiffs have no adequate remedy at law; and they pray that the treasurer and the tax-collector be enjoined from paying over to the Citizens Bank of Hazle-

hurst, as county depository, any funds belonging to the county, and that the Citizens Bank of Hazlehurst be enjoined from receiving any of such funds as county depository. On presentation of the petition the judge refused to sanction it and to grant a restraining order and a rule nisi; and the plaintiffs excepted.

*S. D. Dell,* for plaintiffs. *Newton Gaskins,* for defendants.

HILL, J. (After stating the foregoing facts.)

1. This case is here on exception to the refusal of the presiding judge to grant a restraining order and rule nisi as prayed for in the petition. The first question is whether the designation of the Citizens Bank of Hazlehurst under the act of 1916 (Acts 1916, p. 453), which requires that the ordinary, the clerk of the superior court, and the tax-collector of Jeff Davis county shall appoint and designate some solvent chartered bank or banks in that county as a county depository, is illegal and void on the ground that J. C. Watkins, who had been elected ordinary but had not qualified as such, participated with the clerk of the superior court and the tax-collector in designating the depository in this case. It is argued that the statute is mandatory; and that all three officials must be present and unite in the designation; and that inasmuch as the ordinary-elect had not qualified as such, his participation in the designation of the depository rendered void the act of all three, or of the majority who were qualified. We do not agree to this view. In *Crawford* v. *Howard,* 9 *Ga.* 314, it was held that "A sheriff duly elected, but not having executed a bond according to law, is an officer de facto, and his acts are valid when they concern the public or third persons who have an interest in them." It was said in the opinion that one is an officer de facto when he comes into office by color of election, and all of his acts are good until removed. And Constantineau, in his Work on the De Facto Doctrine, 198, § 137, says: "Irregularities relating to the official bond are regarded in the same light as irregularities in connection with the official oath, and are no impediment to a person becoming an officer de facto. . . The above principle is also applicable where the bond is not given, approved, filed, or rendered within the time, or as, prescribed by law. Thus, the following persons were held officers de facto: A State treasurer whose bond was not approved or filed until after the day designated by statute; county treasurers whose bonds were not approved at all, or not until

24

a date after the time allowed therefor; a sheriff who did not execute a bond within thirty days after his election, as required by law; a constable, a tax-collector, and a county treasurer, who similarly failed;" (and other instances, all sustained by decisions cited). It is not insisted that the ordinary-elect had failed to qualify in any particular except as to giving the bond required. We therefore hold that he was a de facto officer; and although his bond was not approved by the judge of the superior court until the day after the act complained of, his acts as such de facto officer were valid. In view of the foregoing, it is unnecessary to pass upon the question whether the action of the two de jure officers in designating the depository rendered the designation valid, irrespective of the action of the de facto officer.

2. Did the officers authorized to act abuse their discretion in designating the Citizens Bank of Hazlehurst; and if not, did the court err in refusing to sanction the petition and in not granting a temporary restraining order? We do not think there is anything to show that there was an abuse of discretion. It is insisted that under the act of 1916 (supra) the acting officers must designate the bank or banks which "shall make the best and most advisable bid for the office of county depository." It is further insisted that the meaning of the statute is that the bank making the *highest* bid—the bid that brings into the county the largest revenue by reason of the highest rate of interest bid—should be selected, and that the Merchants & Planters Bank made the best and most advisable bid because of that fact, and consequently the taxpayers of Jeff Davis county are damaged in the loss of 2 per cent. interest on several thousand dollars per annum. The act itself did not designate the depository, but left it to the officers mentioned in the act to designate the bank making the best and most advisable bid. This did not necessarily mean that the bank making the highest bid should be selected. The authority conferred by the act involved the exercise of a discretion by the officers, and the allegations in the petition are insufficient to show that they abused their discretion in this case. There may have been other considerations moving them to select one bank in preference to another, besides the promise of a higher rate of interest, for instance, the question of solvency, etc.; and while no such question is raised by the record, yet the record itself does not disclose such

facts as to show an abuse of discretion on the part of the officers in designating one bank in preference to the other; and consequently the court did not err in refusing to sanction the petition and grant a restraining order and rule nisi.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*